IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BENJAMIN GRICE, and <br> KAYLA PATCHETT, <br>       Plaintiffs, <br> v. <br> CVR ENERGY, INC, *et al*. <br>       Defendants. | Case No. 16-CV-459-GKF-FHM |

**OPINION AND ORDER**

Before the court is the Motion to Dismiss [Doc. No. 37] of White Reliability Services, Inc. ("WRS"), a third-party defendant in two other related actions, and the Motion for Leave to Amend of plaintiffs Benjamin Grice and Kayla Patchett (the "*Grice* plaintiffs") [Doc. No. 38]. For the reasons set forth below, WRS's motion is granted and the *Grice* plaintiffs' motion is denied as futile.

**I. Background**

This dispute arises from an explosion at a refinery in Coffeyville, Kansas on July 29, 2014. The *Grice* plaintiffs filed suit on July 14, 2016, alleging various negligence and product liability claims. On November 16, 2016, the *Grice* plaintiffs filed a pleading they denominated as a "crossclaim" against WRS—a company named as a third-party defendant in two other related actions consolidated with this action for discovery purposes only. WRS was impleaded as a third-party defendant in those lawsuits—*Rigdon v. Flowserve Corp., et al.*, No. 16-cv-81-GKF-FHM and *Collier, et al. v. Flowserve Corp., et al.*, No. 16-cv-304-GKF-FHM —by VibeServ Corporation ("VibeServ") on September 29, 2016. Neither WRS nor Vibeserv are parties to this action. WRS now moves to dismiss the *Grice* plaintiffs' "crossclaim" as barred by

Local Civil Rule 7.2(l) and the applicable statute of limitations.  The *Grice* plaintiffs respond that Fed. R. Civ. P 14(a)(3) permits them to assert a claim against WRS as of right, and seek leave to amend their "crossclaim."

## II. Analysis

Plaintiffs' filing of the "crossclaim"[1] on November 16, 2016, occurred well after the September 30, 2016, deadline for joining additional parties and amending pleadings established by this court's Scheduling Order.  [Doc. No. 12].  It also violates Local Civil Rule 7.2(l), because attempts to amend pleadings and add parties must be made by motion, stating "(1) the deadline date established by the scheduling order"; and "(2) whether any other party objects to the motion."

Nevertheless, "[a] failure to comply with the requirements of [Rule] 7.2(l), without more, does not compel a denial of a plaintiff's [effort] to amend." *See Griffin v. Indep. Sch. Dist. No. 1 of Tulsa Cty., Okla.*, No. 13-CV-702-CVE-FHM, 2014 WL 585433, at *1 (N.D. Okla. Feb. 13, 2014).  "Under Fed. R. Civ. P. 15(a), leave to amend should be freely given," *Mineta v. Bd. of Cty. Comm'rs of Cty. of Del.*, 2007 WL 680792, at *2 (N.D. Okla. Feb. 28, 2007), unless such amendment would be "futile"—that is, "subject to dismissal," *Steadfast Ins.Co. v. Agric. Ins. Co.*, No. 05-CV-126-GKF-TLW, 2014 WL 1901175, at *6 (N.D. Okla. May 13, 2014). Amendment may be futile where a party seeks to add untimely claims barred by a statute of limitation.  *See id.* at *6–8.

Both Kansas and Oklahoma law provide a two-year statute of limitations window for personal injury actions.  *See* Kan. Stat. Ann. § 60-513; 12 O.S. §95.  Since the *Grice* plaintiffs'

---

[1] The *Grice* plaintiffs mischaracterize their claim against WRS as a "crossclaim."  [Doc. No. 88]. Fed. R. Civ. P. 13(g), however, defines a crossclaim as any claim "against a coparty," which WRS plainly is not, as WRS is not a party to this case.  *See Hartford Cas. Ins. Co. v. Trinity Universal Ins. Co. of Kan.*, 158 F.Supp.3d 1183, 1199 (D.N.M. 2015).

injury occurred on July 29, 2014—the date of the explosion at the Coffeyville refinery—their claims expired on July 29, 2016. WRS was impleaded in the *Rigdon* action by defendant VibeServ on September 29, 2016. The *Grice* plaintiffs did not sue WRS until November 16, 2016. [Doc. No. 36]. Thus, the *Grice* plaintiffs' "crossclaim" is barred by the applicable statute of limitations unless it "relates back" to the original complaint in this case under the Federal Rules of Civil Procedure.

Per Fed. R. Civ. P. 15, it does not. And the *Grice* plaintiffs concede as much. Indeed, they do not even engage WRS's statute of limitations argument. In any event, Rule 15 offers the *Grice* plaintiffs no relief. For one thing, they identify no Kansas or Oklahoma statute "allow[ing] relation back" under the circumstances. *See* Fed. R. Civ. P. 15(c)(1)(A). For another, the "crossclaim" does not relate back under Rule 15(c)(1)(C)'s mistaken identity exception. The *Grice* plaintiffs note that WRS "was first identified as a potential party to th[e] case[ ] on September 29, 2016[,] when they were sued as a third-party [d]efendant." [Doc. No. 97, p. 3]. But "plaintiff[s'] lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of Rule 15." *See Garrett v. Fleming*, 362 F.2d 692, 696 (10th Cir. 2004); Fed. R. Civ. P. 15(c)(1)(C).[2] In any

---

[2] The *Grice* plaintiffs argue that their "crossclaim" was filed as of right under the third-party practice rules set forth Fed. R. Civ. P. 14(a)(3). But neither Vibeserv nor WRS are parties to the *Grice* action. In fact, *Grice*, *Rigdon*, and *Collier* were consolidated "for discovery purposes only." [Doc. No. 23, p. 3]. "[C]onsolidation does not merge separate suits into one cause of action," *see Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982), and "the parties to one action do not become parties to the other," *Chaara v. Intel Corp.*, 410 F.Supp.2d 1080, 1089 (D.N.M. 2005) (quotation marks and citation omitted). And even if it were applicable, "Rule 14(a) cannot be used to resuscitate a claim that is barred by the statute of limitations." *See Walls v. Cty. of Camden*, No. 06-5961 (JEI), 2008 WL 4934052, at *3 (D.N.J. Nov. 13, 2008); 6 Charles A. Wright, *et al.*, Federal Practice and Procedure §1459 (3d ed. 1998) ("The fact that the third party has been brought into the action does not revive any claims the original plaintiff may have had against any third party that should have been asserted earlier but have become unenforceable."). Put differently, when a plaintiff seeks to charge a third-party defendant with liability after a statute of limitations has run, such claim is barred, whether raised

3

case, "an amendment which adds a new party creates a new cause of action and there is no relation back for purposes of limitations." *See In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) (quotation marks and citation omitted); *see also Neitherlands*, 2011 WL 832555, at * 2 ("[W]hen an amendment seeks to add claims against a new party—including claims against a third-party defendant—the fact that those newly added claims arose from the same conduct, transaction, or occurrence set out in the original pleading is not in itself enough."). Here, the *Grice* plaintiffs' "crossclaim" was asserted outside the window of the statute of limitations. Accordingly, that "crossclaim" is dismissed and the *Grice* plaintiff's request to amend their complaint is denied as futile.

WHEREFORE, WRS's Motion to Dismiss [Doc. No. 37] is granted, and the *Grice* plaintiffs' Motion for Leave to Amend [Doc. No. 38] is denied.

IT IS SO ORDERED this 30th day of December, 2016.

*[signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

under Rule 14(a) or otherwise. *See Walls*, 2008 WL 4934052, at *3; *Netherlands Ins. Co. v. MD Plumbing & Heating, LLC*, No. 3:09cv1881, 2011 WL 832555, at * 2 (D. Conn. Mar. 3, 2011); 6 Charles A. Wright, *et al.*, Federal Practice and Procedure §1459.